IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHANGCHUN LI,<br><br>    Plaintiff,<br><br>  v.<br><br>TIANWIDE, *et al.*<br><br>    Defendants. | 2:25-CV-00769-CCW |

**OPINION AND ORDER DENYING REQUEST FOR PRELIMINARY INJUNCTION AS TO EVERY DEFENDANT EXCEPT TIANWIDE**

Plaintiff Changchun Li filed this case in this Court on June 5, 2025. ECF No. 6. Mr. Li is the inventor and owner of a design patent covering a distinctive design for an air humidifier that simulates rain drops falling from an alien spaceship (the "Patented Design"). *Id*. at 2, 11.[1] The Patented Design is registered with the United States Patent and Trademark Office as United States Patent No. D1,017,012. *Id.* at 2. Mr. Li alleges that the 48 Defendants identified in Schedule A to his Complaint have infringed on his Patented Design. *See generally id.* Specifically, Mr. Li alleges that the Defendants, without Mr. Li's authorization, have sold and continue to sell humidifiers that infringe on the Patented Design to U.S. consumers through e-commerce platforms like Amazon.com and Temu.com. *Id.* Along with his Complaint, Mr. Li filed a Motion to Seal this case, ECF No. 1, a Motion for Alternative Service, ECF No. 9, and a Motion for a Temporary Restraining Order, ECF No. 7, which also included a motion to restrain assets and merchant storefronts, a motion for expedited discovery, and a motion for an order to show cause why a preliminary injunction should not issue against the Defendants, *id.* Mr. Li also submitted

---

[1] The Court cites to page numbers in the Complaint for clarity rather than specific paragraph numbers because there are inconsistencies in how the paragraphs are numbered.

supporting exhibits and declarations from himself and his legal counsel, Martin Trainor, in support of the relief he requested. ECF Nos. 11, 12.

On June 9, 2025, the Court granted Mr. Li's motions, including his Motion for a Temporary Restraining Order, and scheduled an in-person show cause hearing for June 23, 2025 to determine why a preliminary injunction should not issue against the Defendants. ECF No. 20. On appropriate motion from Mr. Li, the Court extended the temporary restraining order by a period of fourteen days and rescheduled the show cause hearing to July 7, 2025. ECF No. 26.

On June 16, 2025, Mr. Li filed a Notice of Voluntary Dismissal as to 16 Defendants. ECF No. 23. On June 27, 2025, Mr. Li filed a proposed preliminary injunction order, as well as a brief in support of his request for a preliminary injunction. ECF Nos. 28, 29. On July 7, 2025, the Court held the scheduled show cause hearing. ECF No. 32. No one appeared on behalf of any of the remaining 32 Defendants in this case. *Id.* The only individual present was Mr. Li's counsel, Michael Mitchell. *Id.* Mr. Mitchell represented to the Court that Mr. Li would not be putting forth any additional evidence as to why a preliminary injunction should issue against the Defendants and would rest on the same evidence that was submitted in support of the request for a temporary restraining order.

The Court questioned Mr. Mitchell on several topics. Specifically with respect to the issue of joinder of parties, the Court asked whether Mr. Li had any additional evidence, beyond what was alleged in the Complaint and supporting exhibits and declarations, regarding the Defendants' alleged relationship with each other.[2] Mr. Mitchell did not have anything additional to add. Mr.

---

[2] The Complaint alleges, for example, that "Defendants appear to be an interrelated group of infringers, who create the Seller IDs on various third-party online platforms and design these stores to appear to sell genuine versions of Plaintiff's Products, while they actually sell inferior infringing imitations of Plaintiff's Products. The Seller IDs share unique identifiers, such as common design elements, the same or similar Infringing Products they offer for sale, product descriptions, shopping cart platforms, and accepted payment methods. They also use the same or similar check-out methods, absent or fake contact information, identically priced or similarly priced Infringing Products and

Mitchell did, however, confirm that joinder in this case is governed by 35 U.S.C. § 299. At the conclusion of the hearing, the Court took under advisement the issue of whether a preliminary injunction should issue.

Having considered Mr. Li's submissions, and for the reasons discussed below, the Court declines to issue a preliminary injunction against 31 of the remaining 32 Defendants in this case. The Court will, however, issue a preliminary injunction against the first-named Defendant, Tianwide, for the reasons set forth in the Preliminary Injunction Order filed contemporaneously with this Opinion and Order.

## I.     Legal Standard

"Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quotations omitted). "A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Id.* The first two factors are "the most critical." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

## II.    Legal Analysis

The Court's decision to deny Mr. Li's request for preliminary injunctive relief as against 31 of the 32 remaining Defendants is based on its analysis of the first relevant factor. Specifically, the Court concludes Mr. Li has not established that those 31 Defendants have a likelihood of success on the merits because there is insufficient evidence establishing that they were properly joined in this action.

---

volume sales discounts. These numerous similarities establish a logical relationship between Defendants and show the likelihood that their illegal operations arise out of the same transaction or occurrence." ECF No. 6 at 16.

A.      **Likelihood of Success on the Merits**

Mr. Li has not established a likelihood of success on the merits as to the 31 remaining Defendants other than Tianwide because the evidence before the Court does not establish the propriety of joining all of those Defendants in one case. Joinder in patent infringement cases is governed by 35 U.S.C. § 299. That statute "imposes a higher standard for joinder in patent cases" than Rule 20 of the Federal Rules of Civil Procedure. *Cozy Comfort Co. LLC v. Individuals, Corps. Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A to Complaint*, No. 23-CV-16563, 2024 WL 2722625, at *8 (N.D. Ill. May 28, 2024). With limited exceptions not relevant here, § 299 provides that:

> With respect to any civil action . . . relating to patents . . . parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, ***only if***--
>
> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
>
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a) (emphasis added). Section 299 further provides that "accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit." *Id.* § 299(b). In other words, "the presence of multiple defendants competing at the same level in the stream of commerce—for example, two defendants both manufacturing accused products who are competitors and not acting in concert—would result in misjoinder under § 299." *Cozy Comfort Co.*, 2024 WL 2722625, at *9 (quotation omitted). The Court may "at any time . . . drop a party" if it determines they were misjoined. *See* Fed. R. Civ. P. 21.

"[C]laims against different defendants arise out of the same transaction or occurrence or series of transactions or occurrences when there is a 'logical relationship' between them." *Tang v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 23 C 4587, 2024 WL 68332, at *1 (N.D. Ill. Jan. 4, 2024) (citing *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012)). "[A] claim that the defendants infringed on [the plaintiff's] design patent in the same way," on its own, is insufficient to show such a relationship for purposes of § 299. *Id.* at *2; *cf. Forcel Media Ltd. v. DecYI*, No. 2:25-CV-750, 2025 WL 1665586, at *2 (W.D. Pa. June 12, 2025) (Ranjan, J.) (quoting *Estee Lauder Cosms. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 187 (N.D. Ill. 2020)) ("[I]t is not enough for a plaintiff to simply allege that multiple defendants have infringed the same patent or trademark" to establish that joinder is proper under Rule 20 of the Federal Rules of Civil Procedure). Rather, "a [logical] relationship 'requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts.'" *Tang*, 2024 WL 68332, at *1 (quoting *In re EMC Corp.*, 677 F.3d at 1359). And even where a logical relationship exists, "joinder may still be refused 'in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding the principles of fundamental fairness.'" *Id.* (quoting *In re EMC Corp.*, 677 F.3d at 1360).

Mr. Li alleges that joinder of the 32 Defendants remaining in this case is proper because: (1) Defendants' e-commerce stores "often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other identifying information and likewise omit other seller aliases that they use;" (2) Defendants' e-commerce stores share other "other notable common features on their internet stores such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, similarities in price and quantities, and/or the use of the same text and stock images or artificially produced images;" (3)

5

the infringing products sold by Defendants "bear irregularities and indicia of being unauthorized that are similar to one another, suggesting that the Infringing Products were manufactured by and come from a common source and that these unauthorized retailers are interrelated;" (4) groups of infringers like the Defendants "regularly participate in WeChat chat rooms, and communicate through websites such as sellerdefense.cn and kuajingvs.com, where they discuss tactics for operating multiple accounts, evading detection, pending litigation, and new lawsuits;" and (5) infringers "commonly operate under multiple seller aliases and payment accounts so that they can continue operation despite enforcement efforts." ECF No. 6 at 22–23.

The Court is not convinced that these generalized allegations establish a connection among the 32 remaining Defendants such that their joinder in one case is proper. The Court finds instructive the reasoning of a judicial colleague in this district who recently denied a motion for a temporary restraining order in a case involving alleged trademark infringement.[3] *See Forcel Media Ltd.*, 2025 WL 1665586, at *3–4. As Judge Ranjan observed in *Forcel*, many courts in the Northern District of Illinois, where cases such as this one are commonly filed, have rejected theories of joinder similar to those advanced by Mr. Li. *See id.* (citing cases); *e.g.*, *Xie v. The Entities and Individuals Identified in Annex A*, 24-cv-09791, ECF No. 14 (N.D. Ill. Nov. 12, 2024) (rejecting argument that defendants receive the infringing products from the same manufacturer, use the same advertising and images, offer for sale the same infringing products, and have other shared commonalities, such as price, payment accounts, grammar, title, and descriptions); *Toyota Motor Sales, U.S.A., Inc. v. P'ships and Unincorporated Ass'ns Identified on Schedule A*, 24-cv-

---

[3] Although § 299 imposes stricter requirements for joinder in patent cases, it "largely tracks the standard for permissive joinder of defendants in Rule 20(b) of the Federal Rules of Civil Procedure," *Brit. Telecomms. PLC v. IAC/InterActiveCorp*, No. CV 18-366-WCB, 2019 WL 1765224, at *1 n.1 (D. Del. Apr. 22, 2019), and therefore trademark and copyright cases applying Rule 20 are still instructive, *see Shenzhen Jisu Tech. Co. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unidentified Ass'ns. Identified on Schedule A*, No. 24 C 4134, 2025 WL 972866, at *2 (N.D. Ill. Apr. 1, 2025) (citing cases applying Rule 20 in a patent case where § 299 governed joinder).

6

9401, ECF No. 27 at 3 (N.D. Ill. Nov. 18, 2024) ("[I]t's not enough to suggest that sometimes there are things that link some of the defendants together."). Indeed, this Court recently declined to find proper joinder in another case for substantially the same reasons articulated by *Forcel* and many courts in the Northern District of Illinois. *See Drozdova v. 80SDESIGN*, No. 25-cv-656, ECF No. 32 (W.D. Pa. June 16, 2025).

Having reviewed the evidence on which Mr. Li relies, the Court cannot conclude that it establishes that the Defendants are all logically connected, such that Mr. Li's claims against them "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." 35 U.S.C § 299(a)(1). First, while the hundreds of pages screenshots of Defendants' online storefronts do show some similarities in how infringing products are offered for sale, *see* ECF Nos. 6-5–6-7, "counterfeiters copying the marketing and advertising on similar websites simply does not establish a logical relationship between every Defendant," *Viking Arm AS v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 24 C 1566, 2024 WL 2953105, at *3 (N.D. Ill. June 6, 2024) (quotation omitted). *See also Bailie v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 734 F. Supp. 3d 798, 805 (N.D. Ill. 2024) ("[E]ven if defendants' webpages were all identical, joinder is improper because use of identical web pages would not overcome the likelihood that Defendants are just copycats, both of the plaintiff's style and of each other.") (cleaned up). Second, the screenshot of a website where "groups of infringers such as Defendants" are alleged to regularly "discuss tactics for operating multiple accounts, evading detection, pending litigation, and new lawsuits," ECF No. 6 at 23, does not appear to include any discussion of the Patented Design, let alone anything that would logically connect the remaining 32 Defendants in this case with each other, *see* ECF No. 6-10; *Viking Arm AS*, 2024 WL 2953105, at *3 (rejecting similar evidence as insufficient to establish "that these Schedule A defendants are

discussing *this* Plaintiff's products."). Other than this evidence, Mr. Li relies on his declaration and the declaration of his counsel, Michael Mitchell, which generally just repeat the allegations made in the Complaint. *See* ECF Nos. 11, 12. And as noted, those allegations are insufficient to establish that joinder of 32 otherwise seemingly unrelated Defendants is proper. *See Forcel Media Ltd.*, 2025 WL 1665586, at *3–4; *Drozdova*, No. 25-cv-656, ECF No. 32 at 5–7; *see also Tang*, 2024 WL 68332, at *2–3 (finding joinder inappropriate under § 299 for similar reasons in a case involving a design patent).

In sum, the Court concludes that Mr. Li has not presented sufficient evidence establishing that joinder of the remaining 32 Defendants in this case is appropriate under § 299. Furthermore, even if joinder was permissible under § 299, the Court would exercise its discretion to sever 31 Defendants for reasons of judicial economy and so as to not "hamper[] the Court's ability to conduct meaningful review of the merits of the case." *Forcel Media Ltd.*, 2025 WL 1665586, at *4; *Tang*, 2024 WL 68332, at *1 (quoting *In re EMC Corp.*, 677 F.3d at 1360) ("[J]oinder may still be refused 'in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding the principles of fundamental fairness.'"). Accordingly, Mr. Li has not established a likelihood of success on the merits as to 31 of the 32 remaining Defendants.

### III.    Conclusion

For all of the foregoing reasons, **IT IS HEREBY ORDERED** that Mr. Li's request for preliminary injunctive relief as against every Defendant except Tianwide is **DENIED**. **IT IS FURTHER ORDERED** that on or before **July 16, 2025**, Mr. Li shall show cause as to why every Defendant except Tianwide should not be dismissed from this case for misjoinder, or shall file an Amended Complaint asserting claims against only those Defendants for whom Mr. Li can establish proper joinder under 35 U.S.C. § 299. **IT IS FURTHER ORDERED** that Mr. Li shall serve this

Opinion and Order on all Defendants in accordance with the terms of the Alternative Service Order entered at ECF No. 19.

DATED this 9th day of July, 2025.

BY THE COURT:

<u>/s/ Christy Criswell Wiegand</u>
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record